## MITCHELL versus ALLEN.

1. A plea in abatement, that the defendant was a resident and freeholder of another county at the time of the *service* of the writ, is bad.
2. If a party is not a resident and freeholder, in a different county from that in which sued, at the time of the issuance of a writ, he can not, by acquiring such residence and freehold, after the issuance of the writ, and before its service, plead such residence and freehold in abatement.
3. It is a good plea in abatement, that the sheriff who executes the process, is, beneficially, the plaintiff in the action.
4. Under the statute, several pleas in abatement, may be pleaded to the same action.

This was an action of assumpsit, brought by Allen against Mitchell in the Circuit Court of Marengo. The defendant pleaded—

1st. That at the time of the service of the writ, and before, he was a freeholder and permanent resident of Dallas county ; and,

2d. That the note on which the action was brought, was, at the time of the service of the writ, the *bona fide* property of the sheriff.

To the first plea there was a demurrer; but it was afterwards withdrawn, and issue was joined upon the plea. The record did not show that there was either demurrer or issue to the second plea. It appeared, however, from the record, that the judgment of the court was in the plaintiff's favor on demurrer; to revise which judgment, the case was brought into this court.

*Stewart*, for plaintiff—*Raines, contra,*

LIPSCOMB, C. J.—Allen brought an action on a note of hand, against Mitchell, in the Circuit Court of Marengo county. Mitchell pleaded two pleas—

1st. That at the time of the service of the writ, and before, he was a freeholder, and a permanent resident of Dallas county. And,

2d. That the note on which the action was brought, is, and was at the time of the service of the writ, *bona fide* the property of the sheriff who served it.

To the first plea, it appears from the record, the defendant demurred, but afterwards withdrew his demurrer, and joined issue on the plea.

To the second plea, there was neither issue nor demurrer.

The judgment of the Circuit court seems to have been in the plaintiff's favor, on demurrer. The first plea is bad. If the defendant was not entitled to the privilege arising from his being a freeholder and a resident of another county when the writ issued, his acquiring such freehold and residence subsequent thereto, and before service of the writ, was not pleadable in abatement; but after issue taken on the plea, though it was bad, the facts so put

in issue, could alone be disposed of by the jury, unless the plaintiff had asked, and obtained leave of the court to withdraw the issue, and again demurred.

As the record is presented, it would seem, that the judgment on demurrer, was not on the first plea; because that demurrer had been withdrawn, and issue taken; it must therefore have been to the second plea. If the sheriff was beneficially the plaintiff, he ought not to have served the writ: it should have been executed by the coroner  We believe, therefore, that the second plea sufficiently alleged matter in abatement, and could not be properly overruled on demurrer. If the record had presented the case with the two pleas, without issue or demurrer, and the judgment had been the same as it is now, we should have felt strongly inclined to consider the case as having been presented to the court below on demurrer, to the bad plea, and that the second plea had been waived; but the state of the record is such as to forbid this liberal construction.

We do not believe that the two pleas, being both in abatement, are objectionable. Under the act of 1807,[a] the defendant is authorised to plead as many several matters as he may judge necessary to his defence. Some question might have been made as to the intention of this act, to extend to pleas in abatement; but the last branch of the seventh section of the act of 1819,[b] leaves no possible doubt, that it was intended to embrace as well matters in abatement, as every other kind of defence known to the action.

The judgment must be reversed, and the cause remanded.